**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

VAN VU,                                )
                                       )
    Petitioner,                       )
                                       )
v.                                     )      Case No. CIV-26-446-R
                                       )
TODD BLANCHE, et al.,                  )
                                       )
    Respondents.                      )

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] challenging his detention by U.S. Immigration and Customs Enforcement. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 15] recommending that the Court grant the Petition in part and order Respondents to release Petitioner subject to an Order of Supervision. Respondents filed a timely Objection [Doc. No. 16], to which Petitioner replied [Doc. No. 17]. Respondents' Objection triggers de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

As explained in the Report, Petitioner is a citizen of Vietnam who is subject to a final order of removal. Petitioner was previously detained, but was released in 2003 on an Order of Supervision. He was re-detained by ICE in 2026 at a scheduled check-in appointment and his Order of Supervision was revoked. Petitioner's Petition asserts that his re-detention violates the Immigration and Nationality Act and corresponding regulations, the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act. In his Report, Judge Stephens concluded that ICE failed to abide by its

own regulations when it revoked Petitioner's Order of Supervision, making the revocation unlawful, and that Petitioner is entitled to habeas relief.

Respondents raise three objections to the Report. First, they argue that the Court lacks jurisdiction to consider the Petition under 8 U.S.C. §§ 1252(b)(9) or 1252(g). This Court has previously concluded that these provisions do not strip the district court of jurisdiction. *See Nguyen, v. Dept. of Homeland Sec.,* No. CIV-26-87-R, 2026 WL 1506428, at *2 (W.D. Okla. May 29, 2026). Upon de novo review, the Court rejects Respondents' arguments again finds the statute does not jurisdictionally bar consideration of the Petition. *See Cao v. Bondi, No.* CIV-25-1403-G, 2026 WL 637617, at *3 (W.D. Okla. Mar. 6, 2026); *Nguyen v. Bondi*, No. CIV-25-1402-D, 2026 WL 396548, at *4 (W.D. Okla. Feb. 12, 2026).

Next, Respondents challenge the Report's conclusion that ICE violated 8 C.F.R. § 241.13 when it revoked Petitioner's Order of Supervision without making an individualized determination regarding the significant likelihood of Petitioner's removal based on changed circumstances.[1] Upon de novo review, the Court concurs with Judge Stephens' analysis of this issue. Respondents reliance on an overall increase in removals to Vietnam and general statements about attempting to obtain a travel document do not show a significant likelihood that Petitioner will, on account of changed circumstances, be removed in the near future. *See Nguyen,* 2026 WL 396548, at *4 (submission of travel document request does not show significant likelihood of removal); *Pham v. Bondi*, No.

---

[1] To the extent Respondents argue that the Report improperly conflated a regulatory violation with a due process claim brought under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Court disagrees.

CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) (increase in frequency of removals alone does not show significant likelihood of removal).

Last, Respondents argue that the proposed remedy – release on the prior Order of Supervision – is improper when there is a regulatory, as opposed to statutory or constitutional, violation. "This Court, in agreement with the majority view, has found that such regulatory defects amount to due process violations that entitle a petitioner to habeas relief." *Tran v. Blanche*, No. CIV-25-1357-G, 2026 WL 1181700, at *3 (W.D. Okla. Apr. 30, 2026) (quotation omitted). The Court agrees with Judge Stephens that ICE's failure to comply with its own regulations when revoking the Order of Supervision renders the revocation unlawful and release is the appropriate remedy.

Accordingly, the Report and Recommendation [Doc. No. 15] is ADOPTED. The Petition for Writ of Habeas Corpus is GRANTED to the extent it requests habeas relief under 28 U.S.C. § 2241. Respondents are directed to immediately release Petitioner from custody, subject to the terms of an appropriate Order of Supervision, and to certify compliance with this Order. Petitioner's remaining claims are dismissed without prejudice.

IT IS SO ORDERED this 18th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

3